EMMA LUNGREN, Appellant, v. JOHN H. LUNGREN et al., Appellees.

**MARRIAGE:** Antenuptial Contract—Construction. Antenuptial contracts are not under the ban of the law, but are entitled to the same consideration as other contracts. A provision in an antenuptial contract obligating the husband to "maintain" the wife "in a decent and becoming manner," has no relation to later provisions specifically enumerating what property the wife should take after the death of the husband.

*Appeal from Webster District Court.*—SHERWOOD A. CLOCK, Judge.

MARCH 11, 1924.

SUIT in equity, to establish a widow's right of distributive share in the estate of the deceased husband of the plaintiff. Defendants pleaded an antenuptial contract, and also a subsequent contract and conveyance entered into after the death of the husband. By way of reply, the plaintiff attacks all the instruments pleaded by the defendants, as being fraudulent and void.

There was a decree for the defendants, and dismissal of the petition. The plaintiff appeals.—*Affirmed.*

*Healy & Breen* and *Hanson & Schaupp,* for appellant.

*Healy, Thomas & Healy,* for appellees.

EVANS, J.—The briefs of counsel present a complicated controversy over the state of the pleadings, in that the petition contains no allegations attacking the instruments which are decisive of the case. The prayer for relief, such as it is, is contained in the petition. The allegations upon which such relief is to be predicated are all contained in the reply. The actual controversy litigated between the parties in the trial court was whether the antenuptial contract was void and of no effect, as not having been fairly obtained, and whether the subsequent agreements were likewise void and of no effect. It is now too late to amend the pleadings. It is quite possible that some of the allegations of the reply should have been included in the petition. The appellees press the point more diligently here than they did in the court below. But the court below was the proper place for such course. We have no trouble in ascertaining from the record what was litigated below. We are not now disposed to concern ourselves with a mere question of pleading.

The plaintiff and Charles L. Lungren were married on June 23, 1909. It was a second marriage for both parties. Each of them had a family of adult children. The husband was 63 years of age, and the plaintiff was 60. She was related to his former wife. She resided with one of her children in Chicago. The husband resided at Gowrie, Webster County, Iowa, and conducted a store in that village. He had property of the approximate value of $20,000. The plaintiff had substantially no property. On the day before the marriage, she came to Des Moines, and was met there by Lungren. They went together to the office of an attorney, and procured the preparation of an antenuptial contract. This was quite complete in its recitals of fact. Under this contract, provision was made for the plaintiff in the event that she should outlive the husband. It was quite a modest provision, especially in the light of the inflated prices of later years. She was to have the use of the home at Gowrie, which included

some acreage of real estate, and was to have an annuity of $150 per year, payable semiannually. The husband's family consisted of four sons. The plaintiff also had four children. Plaintiff's married life proved a happy one, both as between herself and her husband and as between herself and her husband's children.

On the 10th day of April, 1922, the husband died. On April 25, 1922, certain negotiations were had between her and three of the sons, looking to the creation of an annuity for her in lieu of the provisions of the antenuptial contract. She had no relatives in Gowrie. She preferred to live with her daughter in Chicago. A written agreement was entered into whereby, in lieu of the provisions made in her behalf by the antenuptial contract, the four sons bound themselves to pay her an annuity of $600 a year, payable semiannually, and to secure their undertaking by a real estate mortgage upon 80 acres of land. The foregoing are the instruments that are attacked. It is contended that the plaintiff was deceived and overreached, and that material facts were concealed from her. The decree of the trial court found otherwise. We have given careful reading to the record. This question of fact is the only real question in the case. We find ourselves in complete agreement with the finding of the trial court. The original agreement was entered into openly and fairly. It was prepared by the attorney, under the direction of both parties. The great preponderance of the evidence shows that the contract was knowingly and freely entered into, and involved no deception or unfairness whatever. An antenuptial contract is not under the ban of the law or of the courts. It is entitled to the same consideration as any other contract. There are frequently weighty reasons why it should be entered into. Those reasons are often present in the case of a second marriage, where the contracting parties each has a family, and where there is no reasonable prospect of any issue of the contemplated marriage. Such a contract makes for the peace of the respective families, and this means the peace of the contracting parties, as well.

The contract in this case was entered into with the full understanding of both parties, and was undoubtedly regarded by both as fair and reasonable, at the time.

The trial court found also that the contract of April 25, 1922, between the plaintiff and the sons of Lungren, was entered into fairly, and was free from any fraud or illegality. Our examination of the evidence brings us to the same conclusion.

It is argued by counsel for appellant that the last contract was less advantageous to the appellant than the provisions of the antenuptial contract. The trial court found to the contrary, and such finding is well supported by the record. The argument of appellant at this point is predicated largely upon a construction of the antenuptial agreement that cannot be sustained. There is a formal provision in said antenuptial contract which binds the future husband "to maintain said Emma Christian [plaintiff] in a decent and becoming manner as a husband should," and that the said Emma Christian "shall always in every way demean herself as a dutiful wife." Subsequent provisions of the contract deal with the rights conferred upon the wife after the death of her husband. It is argued that the portion of the contract here quoted conferred upon the wife, in addition to all other provisions for her benefit, the right to be maintained in a decent and becoming manner after the death of her husband, and during her natural life. The contract will not bear such interpretation. This part of the contract was fully carried out during the life of the decedent. There was no breach thereof by either party. The decedent did "maintain his wife in a decent and becoming manner," and the wife did "in every way demean herself as a dutiful wife." Such provision has no reference whatever to the provisions made in lieu of a distributive share.

The annuity provided for by the later contract was a liberal response to the call of the antenuptial agreement. We are satisfied that the decree entered below rendered full justice to the parties. It is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., PRESTON and STEVENS, JJ., concur.